**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4628**

———————

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

IVAN CORREA, JR.,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  James C. Dever III,
District Judge.  (5:08-cr-00030-D-1)

———————

Submitted:  January 26, 2010      Decided:  February 11, 2010

———————

Before WILKINSON, KING, and SHEDD, Circuit Judges.

———————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————

David L. Neal, Raleigh, North Carolina, for Appellant.  Anne
Margaret Hayes, Assistant United States Attorney, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Ivan Correa, Jr., pled guilty to conspiracy to possess with intent to distribute a controlled substance, using and carrying a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. Correa received an aggregate sentence of 144 months in prison. He now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Correa's sentence is reasonable in light of the application of a cross-reference in calculating Correa's advisory Guidelines range. Correa was notified of his right to file a pro se supplemental brief but has not filed such a brief. The United States moves to dismiss the appeal in part based on a waiver-of-appellate-rights provision in the plea agreement. We affirm in part and dismiss in part.

After a careful review of the record, we have identified no meritorious issues relating to Correa's convictions. We therefore affirm his convictions.

Correa's plea agreement contained a provision stating that he waived his right:

> to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon

2

> grounds of ineffective assistance of counsel or prosecutorial misconduct.

At the Rule 11 colloquy, the district court read this provision in its entirety and inquired whether Correa understood the appellate rights that he was waiving. Correa responded that he did.

A defendant may waive the right to appeal if the waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant during the Rule 11 colloquy regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Our de novo review of the record convinces us that Correa's waiver is valid and enforceable. Further, the issue he seeks to raise on appeal falls within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). We therefore grant the United States' motion to dismiss in part.

In accordance with Anders, we have thoroughly reviewed the record for any meritorious issues pertaining to Correa's convictions and have found none. We accordingly affirm the convictions and dismiss the appeal insofar as it relates to Correa's sentence. This court requires that counsel inform his

client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
